IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JUANA VILLEGAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 3:09-00219 |
| v. ) | JUDGE HAYNES |
| ) | |
| METROPOLITAN GOVERNMENT ) | |
| OF DAVIDSON COUNTY/NASHVILLE - ) | |
| DAVIDSON COUNTY SHERIFF'S ) | |
| OFFICE, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

Plaintiff, Juana Villegas, filed this action under 42 U.S.C. §§ 1981 and 1983, against the Defendants: Metropolitan Government of Nashville Davidson County, Tennessee; Nashville Davidson County Sheriff's Office, Jane Napolitano, in her official capacity as Secretary of Department of Homeland Security, and John Doe #1, John Doe # 2, John Doe # 3 and John Doe # 4. Plaintiff's specific claims are the Defendants' conduct violated her rights to due process under the Fourteenth Amendment for their deliberate indifference to Plaintiff's serious medical needs, that the Defendants' violated her First Amendment right to familial association and her Fourth Amendment right of personal privacy. Plaintiff also asserts claim that the Metro Sheriff's office breached its contract with ICE on Metro's detention of immigrants.

As to the Secretary who is sued only in her official capacity, Plaintiff's claims are that ICE allegedly failed to train members of Metro's Sheriff's office on proper detention policies and that the Secretary's agent lacked the authority to issue a detainer for Plaintiff, but does not identify a distinct legal theory for these claims.

Before the Court is the Defendant Secretary Janet Napolitano's motion to dismiss (Docket Entry No. 12) contending that the federal regulations under which the immigration detainer issued against the Plaintiff is authorized by federal law. Plaintiff filed a response and the Secretary filed a reply.

Upon review of the complaint and the parties' motion papers, Plaintiff challenges the Secretary's detainer, but her complaint fails to allege a distinct legal theory against the Secretary. As to Plaintiff's claims under 42 U.S.C. § 1981, that statute applies to state officials. Gringer v. Knight, 532 F.3d 576-77 (6th Cir. 2008). Plaintiff's legal claims under 42 U.S.C. § 1983 are premised upon violations of the First, Fourth and Fourteenth Amendments as well as a breach of contract by the Davidson County Defendants. (Docket Entry No. 1, Complaint at pp. 1, 14,15, 19-20). The Fourteenth Amendment applies to state and local officials. See Bolling v. Sharp, 347 U.S. 497 (1954). "Section 1983 provides no remedy for deprivation of rights by federal officials acting under color of federal law." Fluellen v. United States Dept. Of Justice Drug Enforcement Admin., 816 F. Supp. 1206, 1210 (E.D. Mich. 1993) (citing Daly-Murphy v. Winston, 837 F.2d 348, 355 (9th Cir. 1987). Federal officials are only subject to suit directly *in an individual capacity* for violations of constitutionally protected rights. Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Thus, to state a claim under Section 1983 against a federal official in an official capacity, Plaintiff must allege that federal officials violated a federal statute or a constitutional provision applicable to federal officials.

To be sure, Plaintiff can allege Fourteenth Amendment claims against federal officials, but to do so Plaintiff must allege that federal officials acted in complicity with local officials to violate Section 1983. Fluellen, 816 F. Supp. at 1211. Here, the only allegations of joint action

of the Secretary and the other Defendants are Plaintiff's breach of contract claims by the Davidson County Defendants. (Docket Entry No. 1, Complaint at pp. 19-20). As to any breach of contract claim against the Secretary, the Federal Claims Court would have exclusive jurisdiction over such claims. United States v. Hohri, 482 U.S. 64, 66 n. 1 (1987). The Secretary's agent's issuance of the detainer was a unilateral act of the Secretary and is not alleged to be the cause for Plaintiff's seizure or the separation from her family and subsequent invasion of her personal privacy by the Davidson County Defendants. (Docket Entry No. 1, Complaint at p. 18). To be sure, Plaintiff alleges that the Secretary failed to take steps to train these local officials and thereby avoid Plaintiff's injuries as well as the Secretary's ratification of the officers' conduct. Yet, there are not any factual allegations to support the ratification claims and the legal basis for the failure to train claim against the Secretary is not identified nor is a specific legal basis stated for the Secretary's issuance of the detainer against the Plaintiff. As stated earlier, the Fourteenth Amendment does not apply to federal officials

In the Sixth Circuit "[a] failure to identify a right, privilege or immunity secured by the Constitution that was violated merits dismissal of the cause of action for failure to state a claim upon which relief can be granted." Codd v. Brown, 949 F.2d 879, 882 (6th Cir. 1991). Conclusory allegations do not state a claim, Papasan v. Allain, 478 U.S. 265, 286 (1986) and Plaintiff must allege sufficient facts to state a plausible theory of recovery. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556-57 (2007).

The Secretary's motion to dismiss presents a substantial question of federal law, but to address this issue, the Court needs to be assured that a viable legal claim against the Secretary is pled so as to avoid issuing, in effect, an advisory opinion. After a review of the complaint, the Court concludes that Plaintiff has not alleged facts nor pled a distinct legal theory to state a

viable claim against the Secretary. Thus, the Secretary's motion to dismiss should be granted, but only upon the bases stated in this Order.

An appropriate Order is filed herewith.

**ENTERED** this the ___18th___ day of November, 2009.

                                                        WILLIAM J. HAYNES, JR.
                                                       United States District Judge