IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| JUANA VILLEGAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:09-0219 |
| | ) | |
| THE METROPOLITAN GOVERNMENT OF | ) | Judge Haynes |
| NASHVILLE AND DAVIDSON COUNTY | ) | |
| *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

*ORDER*
*Upon review of*
*the record, this*
*motion is DENIED*
*as moot.*

*[signature]*
*4-7-10*

## MOTION TO DISMISS OF JOHN DOES 1 - 4

Defendant "John Does 1-4" move to dismiss the claims against them pursuant to Federal

Rule of Civil Procedure 41(b). Despite having the names of all officers involved in the incident

underlying this lawsuit for a number of months, Plaintiff has made no attempts to name the

officers or dismiss them. Plaintiff's failure in this regard has precluded these individuals from

certain protections that they would otherwise be afforded. First, as Metropolitan Government

employees, these individuals are entitled to representation in accordance with the Metropolitan

Code of Laws. Second, they are entitled to discuss the possibility of joint representation and

issues that arise therein, before deciding who will represent them in this lawsuit. And finally,

they are entitled to assert any available defenses, such as qualified immunity, which is immunity

from suit, not simply a defense to liability.

In sum, any individual Metropolitan Government employee who Plaintiff intends to name

in this lawsuit should be provided the customary protections afforded to any Metropolitan

Government employee against whom a constitutional claim is alleged – representation under the

Metropolitan Code and any defenses available under applicable law. Plaintiff's delay in either

naming or dismissing the "John Doe" defendants in this case has, in essence, precluded these