IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| JUANA VILLEGAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:09-0219 |
| ) | |
| THE METROPOLITAN GOVERNMENT OF ) | Judge Haynes |
| NASHVILLE AND DAVIDSON COUNTY ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

*[Handwritten note from Judge: "ORDER. This motion is DENIED as beyond the discovery deadline and without a showing of cause. See R. Civ. P. 16(b)(4). There have been numerous extensions of discovery. [signature] 4-11-11"]*

## DEFENDANT'S MOTION TO DEPOSE PLAINTIFF'S RULE 26(a)(2) WITNESSES AND MEMORANDUM OF LAW IN SUPPORT

Defendant Metropolitan Government of Nashville and Davidson County hereby seeks leave to depose Plaintiff's Rule 26(a)(2) witnesses. The general presumption in favor of expert depositions, the complexity of this case, and the hybrid nature of one of Plaintiff's expert / fact witnesses all justify expert depositions in this case. Any depositions resulting from this request will not alter the current scheduling order (as proposed in the parties' joint motion, Docket Entry No. 69), and this case may remain set for trial on March 1, 2011. Additionally, the Metropolitan Government will not oppose a request by Plaintiff to depose the Metropolitan Government's expert witnesses.

For these reasons, the Metropolitan Government requests leave to depose Plaintiff's Rule 26(a)(2) witnesses.

### I.  Legal Analysis

Federal Rule of Civil Procedure 26 states, "A party *may depose* any person who has been identified as an expert whose opinions may be presented at trial." Fed. R. Civ. P. 26(b)(4)(A) (emphasis added). In fact, in ruling on whether an expert deposition was recoverable in a bill of costs, the Sixth Circuit – citing Rule 26(b)(4)(A) – noted that "it is generally expected that expert