IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JUANA VILLEGAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:09-0219 |
| | ) | |
| THE METROPOLITAN GOVERNMENT | ) | Judge Haynes |
| OF DAVIDSON COUNTY/NASHVILLE -- | ) | |
| DAVIDSON COUNTY SHERIFF'S | ) | JURY DEMAND |
| OFFICE, et al., | ) | |
| | ) | |
| Defendant. | ) | |

**MOTIONS *IN LIMINE*
FILED BY PLAINTIFF JUANA VILLEGAS**

Plaintiff Juana Villegas respectfully moves the Court for various evidentiary-related rulings against defendant Metropolitan Government of Davidson County—Davidson County Sheriff's Office ("Metro" or "DCSO") and files this index of motions *in limine*. Each motion is briefly described below and is supported by a separate memorandum of law filed along herewith.

**Motion *in Limine* #1** – *Exclusion of Immigration Status*. This Court should exclude any evidence of Plaintiff Juana Villegas' immigration status, including any attempt by Metro to inquire into, introduce any documentary evidence related to, or make any argument or suggestion regarding the immigration status of Ms. Villegas or any of her family members. Such evidence should be excluded because it is irrelevant to the claims and associated damages in this case. *See* Fed. R. Evid. 402. Further, such evidence should be excluded to avoid any effort to obscure the issues and improperly influence the jury. The prejudicial effect of any reference to the immigration status of Ms. Villegas or her family members far outweighs any probative value this information may have. *See* Fed. R. Evid. 403. Furthermore, mention of immigration status

would create an improper *in terrorem* effect, and would undercut the public policy behind the Civil Rights Act.

**Motion *in Limine* #2** – *Exclusion of Robert J. Barth, Ph.D.* The Court should exclude Robert J. Barth, Ph.D ("Barth") from testifying in this matter as an expert witness on behalf of Metro. Barth is not a medical doctor and performed no evaluation of Ms. Villegas. As such, he does not meet the standards articulated by Fed. R. Evid. 702 and 703 and the Supreme Court's decision in *Daubert* and its progeny. In any event, Barth's expert report acknowledges that he only undertook a "review of records" and therefore cannot testify as a "clinician." At the very least, the Court should limit Barth's testimony to that purely of an evaluator—to the extent that is even admissible—rather than an expert with the ability to make conclusions about a person's mental health or damages.

**Motion *in Limine* #3** – *Exclusion* of *Bennett M. Spetalnick, M.D.* The Court should exclude Bennett M. Spetalnick, M.D. ("Dr. Spetalnick") from testifying in this matter as an expert witness for Metro. Whatever testimony that Dr. Spetalnick was to offer has been rendered moot and irrelevant by this Court's finding of liability in its memorandum opinion on summary judgment [DE 119]. The only issue remaining for the jury concerns the amount of the damages to be awarded Ms. Villegas. Dr. Spetalnick's expert report does not address this issue nor does the topic even fall within the scope of his assignment. As Dr. Spetalnick acknowledges, "I have been asked by the Metro Government to evaluate the use of restraints (leg irons and handcuffs) on a pregnant woman who is laboring and then postpartum." Dr. Spetalnick's "report" consisted of only 8 short paragraphs in which he never condoned the practice of shackling from a medical standpoint. Dr. Spetalnick's testimony has already been considered and dismissed by the Court during the liability phase.

547905.1  08294-001

2
Case 3:09-cv-00219   Document 121   Filed 07/27/11   Page 2 of 5 PageID #: 2636

**Motion *in Limine* #4** – *Prohibiting Metro from Re-Arguing Liability and Instructing the Jury Regarding Liability*. In a forty-two (42) page memorandum opinion, this Court ruled on cross-motions for summary judgment and in so doing held that Metro violated Juana Villegas' Fourteenth Amendment rights based on its "shackling of her during Plaintiffs active final stages of labor and subsequent postpartum recovery and denial of breast pump." (Mem. Op. [DE 119] at 42.) Consistent with the Court's order and the purpose of summary judgment to narrow the issues for trial, the Court should prohibit Metro from making any argument or introducing any evidence denying its liability for violating Ms. Villegas' Fourteenth Amendment rights. Liability has already been determined and any attempt by Metro to reargue or dispute liability would improperly influence the jury and waste time. Indeed, at the opening of the proof, Ms. Villegas would request that the Court instruct the jury that it has found liability in favor of Ms. Villegas on her Fourteenth Amendment claims related to her shackling and denial of a breast pump. In so doing, Ms. Villegas would ask that a foundation be laid out by the Court so that the jury may properly fulfill its duty to decide damages within the context of this Court's finding of liability.

**Motion *in Limine* #5** – *Exclusion of Policy Changes*. The Court should exclude any evidence or reference by either party to Metro's changing its DCSO policies regarding the treatment of female inmates after Ms. Villegas' ordeal. Such evidence has no relevance to the damages suffered by Ms. Villegas and should be excluded under Fed. R. Evid. 402. Further, any minor probative value Metro may assert to this evidence is substantially outweighed by the risk of unfair prejudice under Fed. R. Evid. 403. Because the Court has already decided that Metro is liable to Ms. Villegas, the only reason Metro would refer to its policy changes would be in an attempt to gain sympathy with the jury and improperly influence the damage award. But Metro's policy changes after Ms. Villegas' ordeal have no relevance to the damages caused to Ms.

Villegas from Metro's actions.  Finally, evidence of Metro's policy changes should be excluded under the public policy rationales underlying Fed. R. Evid. 407.  Otherwise, a defendant could change its policies solely for purposes of gaining sympathy with a jury in a lawsuit.

**Motion *in Limine* #6** – *Barring Inference as to Plaintiff's Motivation.*  Finally, Metro should be barred from making any claim or inference that Ms. Villegas brought and pursued this lawsuit for improper motivation or to seek a large payment not tied to legitimate damages.  Ms. Villegas' motivation is irrelevant to the issue for the jury: her damages resulting from Metro's violation of her civil rights.  *See* Fed. R. Evid. 402.  Any implication by Metro regarding Ms. Villegas' motivation would constitute an attempt to play on the jury's preconceived notions regarding litigation and the prejudicial effect would substantially outweigh any minor probative value.  *See* Fed. R. Evid. 403.  Further, any implication along these lines by Metro would simply be false.

The grounds for each of these motions are more fully set forth in the contemporaneously-filed supporting memoranda, which are incorporated herein by reference.

Respectfully Submitted,

*/s/ John L. Farringer IV*
William L. Harbison (No. 7012)
Phillip F. Cramer (No. 20697)
John L. Farringer IV (No. 22783)
SHERRARD & ROE, PLC
424 Church Street, Suite 2000
Nashville, TN  37219
(615) 742-4200
bharbison@sherrardroe.com
pcramer@sherrardroe.com
jfarringer@sherrardroe.com

547905.1   08294-001
4
Case 3:09-cv-00219   Document 121   Filed 07/27/11   Page 4 of 5 PageID #: 2638

Elliott Ozment (No. 4331)
IMMIGRATION LAW OFFICES OF
ELLIOT OZMENT
1214 Murfreesboro Pike
Nashville, TN 37217
(615) 321-8888
elliott@ozmentlaw.com

*Attorneys for Juana Villegas*

## CERTIFICATE OF SERVICE

Service of the foregoing was accomplished through the Court's Electronic Filing System on this 27th day of July, 2011, upon the following:

Kevin Klein
Allison Bussell
Metropolitan Department of Law
108 Metropolitan Courthouse
P.O. Box 196300
Nashville, TN 37219
Kevin.Klein@nashville.gov
Allison.Bussell@nashville.gov

*/s/ John L. Farringer IV*