IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| JUANA VILLEGAS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:09-0219 |
| THE METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, | ) ) Judge Haynes ) ) |
| Defendant. | ) ) |

## METROPOLITAN GOVERNMENT'S PRE-TRIAL BRIEF ON RECOVERABLE DAMAGES

In its memorandum opinion, the Court stated that "Plaintiff's claim for denial of medical care arises from Defendants' shackling during her active pre-birth labor (when her 'water broke') and during her post-partum recovery and is predicated on the Due Process Clause of the Fourteenth Amendment because Plaintiff was a detainee, not a convicted prisoner." (Memo. Op. at 27-28). Furthermore, the Court stated that "Defendants' denial of the breast pump that the MGH provided for Plaintiff's medical care also constitutes deliberate indifference under the Eighth and Fourteenth Amendments . . . ." (*Id.* at 35.)

"A § 1983 claim for recovery of monetary damages for the violation of one's constitutional rights is not only a constitutional claim[], but it is also a tort claim subject to the fundamental principles of tort law." *Wooler v. Hickman County, Kentucky*, 2008 WL 5412826 (W.D. Ky.) (attached hereto) *aff'd sub nom.*, 377 Fed. App. 502 (6th Cir. 2010). "In other words, to successfully bring a claim for deliberate indifference to [] serious medical needs under the Eighth Amendment, [the plaintiff] must not only show the existence of (1) a serious medical need, and (2) deliberate indifference to that need by the Defendants, but also (3) a causal connection between the Defendants' deliberate indifference and his injuries. *Id.* (citations

omitted). Accordingly, "proximate causation is an essential element of a § 1983 claim for damages." *Horn by Parks v. Madison County Fiscal Court,* 22 F.3d 653, 659 (6th Cir. 1994) (citing *Doe v. Sullivan County, Tenn.,* 956 F.2d 545, 550 (6th Cir. 1992); *Ellis v. Washington County & Johnson County, Tenn.,* 198 F.3d 225, 226 (6th Cir. 1999)).

In a Section 1983 claim, a plaintiff may recover compensatory damages for specific monetary losses, such as lost wages, lost earning capacity, medical expenses, as well as for injuries not quantifiable such as pain and suffering, emotional distress, and so on. *See Memphis Cmty. Sch. Dist. v. Stachura,* 477 U.S. 299, 307 (1986) ("Compensatory damages may include not only out-of-pocket loss and other monetary harms, but also such injuries as 'impairment of reputation, personal humiliation, and mental anguish and suffering.'"). The abstract value of a constitutional right, however, is not a sufficient basis for awarding compensatory damages. *Turner v. Bolden,* 8 Fed. App. 453, 455 (6th Cir. 2001). Instead, only nominal damages may be awarded for a constitutional violation in the absence of proven actual injury. *See Stachura,* 477 U.S. at 308 n. 11 ("[N]ominal damages, and not damages based on some undefinable 'value' of infringed rights, are the appropriate means of 'vindicating' rights whose deprivation has not caused actual, provable injury.").

Finally, equitable relief is available to Section 1983 plaintiffs. *See* 42 U.S.C. § 1983 (authorizing relief in a "suit at equity"). Punitive damages, however, are not recoverable against a municipality, and the Metropolitan Government is the only defendant in this case. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).

Respectfully submitted,

/s/ Kevin C. Klein
Kevin C. Klein, #22301
Allison L. Bussell, #23538
Assistant Metropolitan Attorneys
P.O. Box 196300
Nashville, Tennessee 37219
(615) 862-6341

*Counsel for the Metropolitan Government*

### Certificate of Service

I hereby certify that a copy of the foregoing has been served electronically on William L. Harbison, Phillip F. Cramer, and John L. Farringer, IV, 424 Church Street, Suite 2000, Nashville, Tennessee 37219; and Elliott Ozment, 1214 Murfreesboro Pike, Nashville, Tennessee, 37217; on this 9th day of August, 2011.

s/ Kevin C. Klein
Kevin C. Klein