IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JUANA VILLEGAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:09-0219 |
| | ) | |
| THE METROPOLITAN GOVERNMENT | ) | Judge Haynes |
| OF DAVIDSON COUNTY/NASHVILLE -- | ) | |
| DAVIDSON COUNTY SHERIFF'S | ) | JURY DEMAND |
| OFFICE, et al. | ) | |
| | ) | |
| Defendant. | ) | |

## JOINT STIPULATIONS OF FACTS

Plaintiff Juana Villegas ("Ms. Villegas") and Defendant the Metropolitan Government of Davidson County—Davidson County Sheriff's Office ("Sheriff's Office" or "Metro") jointly submit the following stipulations to be read to the jury at the beginning of the trial regarding damages to be held beginning August 16, 2011:

- Certain facts are not in dispute. You are to take these facts as true and may use them in your deliberations during the trial. You will hear further witnesses and argument during the trial.

- As I read these stipulations, you may hear references to Ms. Villegas as the "Plaintiff" and the Sheriff's Office as "DCSO," an abbreviation of the Davidson County Sheriff's Office.

- On July 3, 2008, Tim Coleman, a Berry Hill, Tennessee police officer arrested Plaintiff, Juana Villegas, who was nine months pregnant, for driving without a license. Coleman took Villegas downtown to be booked.

- Berry Hill is a separate a separate legal entity from the Metropolitan Government of Nashville and Davidson County. However, DCSO accepts and houses individuals arrested by local law enforcement agencies without inquiry into whether the arrest was proper.

- From July 3rd until July 5th 2008, Plaintiff was held in the Davidson County jail. Because July 4th was a holiday, Davidson County courts did not meet that day.

- On July 5th, Plaintiff was confined at the Correctional Development Center, a female correctional facility on Harding Place in Nashville.

- That evening, Plaintiff informed a male jail guard that her 'water,' i.e., amniotic fluid, broke and that she was having labor pains.

- Jail guards transported Plaintiff to the jail infirmary where a nurse confirmed that Plaintiff's water had broken and summoned an ambulance.

- Plaintiff was placed on a stretcher and transported to Metro General Hospital ("MGH") with her wrists restrained in front of her body using handcuffs and her legs restrained together using leg irons.

- Facility officers Matthew Barshaw and Thomas Farragher accompanied Ms. Villegas to MGH in the front of the ambulance.

- When Plaintiff arrived in her hospital room at MGH, she remained in handcuffs and leg irons until her transfer to the hospital bed from the ambulance stretcher.

- Nurses requested that a jail officer remove Plaintiff's restraints to change Plaintiff into a hospital gown. Plaintiff's restraints were removed for that purpose.

- Once in her hospital gown, officers Farragher and/or Barshaw again restrained Plaintiff.

- Brandi Moore, a corporal in DCSO's transportation division, relieved Officers Farragher and Barshaw very shortly after Plaintiff's arrival at MGH. Moore removed the handcuffs from Plaintiff, but restrained one of Plaintiff's legs to the hospital bed using a leg iron.

- David Peralta, another DCSO officer, relieved Moore at 11:00 p.m. on July 5th. Shortly after 11:00 p.m., Peralta removed Plaintiff's restraints.

- Plaintiff gave birth to her child at 1:03 a.m. on July 6, 2008. Plaintiff remained unrestrained during Peralta's shift. Peralta placed leg irons on Plaintiff minutes before his shift change at 7:00 a.m. Peralta restrained one of Plaintiff's ankles to the bed after Plaintiff opted for the ankle restraint in lieu of a wrist restraint.

- During her post-partum recovery, one of Plaintiff's legs was shackled to her hospital bed. Whenever Plaintiff went to the restroom or walked or bathed during her post-partum recovery, her legs were restrained with a leg iron.

- The shackling of Ms. Villegas during transport and while in labor and during post-partum recovery in the hospital was done pursuant to the Sheriff's Office's policies.

- At the time of Plaintiff's discharge from the hospital, the nursing staff provided a breast pump to Ms. Villegas. Citing its policy, DCSO officials did not allow Plaintiff to take the breast pump with her to the jail.

Respectfully Submitted,

*/s/ John L. Farringer IV*
William L. Harbison (No. 7012)
Phillip F. Cramer (No. 20697)
John L. Farringer IV (No. 22783)
SHERRARD & ROE, PLC
424 Church Street, Suite 2000
Nashville, TN  37219
(615) 742-4200
bharbison@sherrardroe.com
pcramer@sherrardroe.com
jfarringer@sherrardroe.com

Elliott Ozment (No. 4331)
IMMIGRATION LAW OFFICES OF
ELLIOT OZMENT
1214 Murfreesboro Pike
Nashville, TN 37217
(615) 321-8888
elliott@ozmentlaw.com

*Attorneys for Juana Villegas*


*/s/ Allison L. Bussell w/p JLF*
Kevin C. Klein (No. 23301)
Allison L. Bussell (No. 23538)
METROPOLITAN DEPARTMENT OF LAW
SUE B. CAIN, DIRECTOR OF LAW
108 Metropolitan Courthouse
P.O. Box 196300
Nashville, TN  37219
(615) 862-6341
kevin.klein@nashville.gov
allison.bussell@nashville.gov

*Attorneys for the Metropolitan Government*

## **CERTIFICATE OF SERVICE**

Service of the foregoing was accomplished through the Court's Electronic Filing System on this 9th day of August, 2011, upon the following:

Kevin Klein
Allison Bussell
Metropolitan Department of Law
108 Metropolitan Courthouse
P.O. Box 196300
Nashville, TN  37219
Kevin.Klein@nashville.gov
Allison.Bussell@nashville.gov

*/s/ John L. Farringer IV*