IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| JUANA VILLEGAS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:09-0219 |
| THE METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, | ) ) Judge Haynes ) ) |
| Defendant. | ) |

## METROPOLITAN GOVERNMENT'S PROPOSED INSTRUCTION REGARDING LIABILITY

The Metropolitan Government of Nashville and Davidson County submits the following proposed instruction and requests that it be read to the jury in conjunction with the parties' Joint Stipulations of Fact (Doc. 166) at the beginning of the trial.

The parties agree that the Court should instruct the jury regarding its prior determination of liability. The parties also agree that such an instruction should be read to the jury prior to opening statements. The parties, however, have very different views of what that instruction should include.

The proposed instruction below will provide the jury with relevant information about the procedural posture that led to the Court's liability, the Court's finding of liability, and the jury's role as a result of that finding of liability.[1] Thus, the Metropolitan Government respectfully

---

[1] Plaintiff's proposed instruction, on the other hand, interjects portions of the Court's finding of liability that are irrelevant to the jury's current role and intended only to prejudice the jury against the Metropolitan Government. Contrary to Plaintiff's suggestion otherwise, the mere fact that the Court made certain factual or legal findings does not mean that the jury must or even should consider them in a damages hearing. Plaintiff should not be permitted to object to the Metropolitan Government "re-arguing" issues of liability, and then do the very same thing herself. There is nothing in Plaintiff's proposed instruction *that is relevant at this stage* that is not included in the Metropolitan Government's proposed instruction.

1

requests that the Court read (or have counsel read) the parties' Joint Stipulations of Fact (Doc. 166) to the jury at the beginning of trial, and then also instruct the jury as follows:

## RELEVANT PROCEDURAL POSTURE

This lawsuit, which was initiated on March 4, 2009, revolves around the Sheriff's Office's actions during Ms. Villegas's detention, during which time she went into labor and gave birth to a son at Metro General Hospital.

The parties conducted what is called discovery, consisting of exchanging relevant documents and taking deposition testimony from a number of witnesses, some of whom you will see testify during this trial.

After the close of discovery, each of the parties filed what is called a motion for summary judgment. These motions identify facts that are not in dispute between the parties, and then asks the Court to decide whether some or all of the issues in the case can be resolved based on the law.

On April 27, 2011, the Court issued an Order and Memorandum granting in part and denying in part both Ms. Villegas's motion for summary judgment and the Sheriff's Office's motion for summary judgment.

The Court found as a matter of law that the Sheriff's Office violated Ms. Villegas's constitutional rights under the Fourteenth Amendment in certain ways and did not violate her constitutional rights in certain ways. Specifically, the Court found as follows:

## PLAINTIFF'S CLAIMS AND THE COURT'S FINDING OF LIABILITY

"Plaintiff's claim for denial of medical care arises from Defendants' shackling during her

active pre-birth labor (when her "water broke") and during her post-partum recovery and is predicated on the Due Process Clause of the Fourteenth Amendment because Plaintiff was a detainee, not a convicted prisoner." (Memo. Op. at 27-28)

"The Court . . . conclude[d] that Defendants' shackling of Plaintiff during the final stages of her active labor and her post-partum recovery, violated the Due Process Clause of the Fourteenth Amendment . . . ." (*Id.* at 34-35.)

"In addition [citation omitted], the Court conclude[d] that Defendants' denial of the breast pump that the MGH provided for Plaintiff's medical care also constitutes deliberate indifference under the Eighth and Fourteenth Amendments . . . ." (*Id.* at 35.)

"For these collective reasons, the Court conclude[d] that the Plaintiff's motion for partial summary judgment should be granted on her Fourteenth Amendment claim for the Defendants' shackling of her during Plaintiff's active final stages of labor and subsequent postpartum recovery and denial of breast pump." (*Id.* at 42.)

Plaintiff presented additional claims; however, the Court granted Defendants' motion for summary judgment and dismissed Plaintiff's remaining claims.

**INSTRUCTION REGARDING THE COURT'S LIABILITY DETERMINATION**

Because of the Court's ruling, you will not be asked in this trial to decide whether Ms. Villegas has a valid claim for violation of her constitutional rights. Rather, this trial will decide solely whether Ms. Villegas suffered any compensable damages as a result of the Sheriff's Office's actions and, if so, the amount of those damages. The fact that the Court found a constitutional violation does not mean that Ms. Villegas has suffered any compensable injuries.

In other words, your sole job in this trial is to decide whether Ms. Villegas suffered any

compensable damages, and, if so, place a dollar figure on those damages.

>Respectfully submitted,
>
>THE DEPARTMENT OF LAW OF THE
>METROPOLITAN GOVERNMENT OF
>NASHVILLE AND DAVIDSON COUNTY
>Sue B. Cain, #9380, Director of Law
>
>/s/ Allison L. Bussell_____
>Kevin C. Klein, #22301
>Allison L. Bussell, #23538
>Assistant Metropolitan Attorneys
>P.O. Box 196300
>Nashville, Tennessee 37219
>(615) 862-6341

**Certificate Of Service**

I hereby certify that a copy of the foregoing has been served electronically on William L. Harbison, Phillip F. Cramer, and John L. Farringer, IV, 424 Church Street, Suite 2000, Nashville, Tennessee 37219; and Elliott Ozment, 1214 Murfreesboro Pike, Nashville, Tennessee, 37217; on this 9th day of August, 2011.

>/s/ Allison L. Bussell_____
>Allison L. Bussell