IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JUANA VILLEGAS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:09-0219 |
| THE METROPOLITAN GOVERNMENT OF DAVIDSON COUNTY/NASHVILLE -- DAVIDSON COUNTY SHERIFF'S OFFICE, et al., | ) Judge Haynes ) ) JURY DEMAND ) ) |
| Defendant. | ) |

## JOINT FINAL PRETRIAL ORDER

Pursuant to the Court's Orders [DE #20 and #120] and Local Rule 39.01(d)(1), Plaintiff Juana Villegas ("Ms. Villegas") and Defendant the Metropolitan Government of Davidson County—Davidson County Sheriff's Office ("Metro" or "DCSO") respectfully submit this joint final pretrial order.

### I. Pleadings Amended to Conform to the Pretrial Order.

The pleadings are amended to conform to this pretrial order and this order supplants the pleadings.[1]

### II. Jurisdiction.

In light of the Court's past rulings, the Court presently has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343. The remaining claims in this action arise under the Constitution of the United States and under 42 U.S.C. §§ 1981 and 1983.

---

[1] For purposes of this hearing on damages, the Metropolitan Government understands that it is bound by the Court's factual findings and conclusions of law contained in the Memorandum Opinion granting Plaintiff's partial motion for summary judgment. (Doc. 119.) Nothing in this Joint Pre-trial Order, however, should be construed as a waiver of the Metropolitan Government's right to challenge those factual findings or conclusions of law, nor does this Joint Pre-trial Order constitute assent to those factual findings and conclusions of law. Similarly, while Plaintiff recognizes that Metro has provided a short summary of its theory, she reserves the right to object to any defense not properly asserted.

549191.5 08294-001
Case 3:09-cv-00219   Document 156   Filed 08/09/11   Page 1 of 7 PageID #: 3418
Case 3:09-cv-00219   Document 177   Filed 08/15/11   Page 1 of 5 PageID #: 3655

### III(A). Short Summary of Plaintiff's Theory.

The Court granted in part Ms. Villegas' motion for partial summary judgment and found that Metro is liable to Ms. Villegas for violating her constitutional rights. Specifically, the Court found that Metro violated Ms. Villegas' Fourteenth Amendment rights based on (a) its shackling of her during active final stages of labor and subsequent postpartum recovery and (b) its denial of a breast pump. (Memo. Op. [DE #119] at 42.)

In this damages trial, Ms. Villegas asserts that Metro's actions caused her the following damages for which she is entitled to compensation: (i) past physical pain and harm; (ii) past emotional and mental distress, pain and suffering; (iii) future physical pain and harm; (iv) future emotional and mental distress, pain and suffering; and (v) future treatment and care (psychological, psychiatric and/or medical).

During her ordeal, Ms. Villegas suffered physically from the inability to move freely during labor and in post-partum recovery and from the restraints placed on her arms and legs. She also experienced extreme pain from the lack of a breast pump. Further, Ms. Villegas feared for her own health and that of her child and felt embarrassed and helpless. Since the ordeal, she has experienced physical pain in her back and legs that affect her ability to sit for long periods of time and to sleep. She also continues to have flashbacks and intrusive memories from the ordeal, which bring back all of her emotional trauma, often triggered merely by being in the presence of her son. Ms. Villegas' emotional and mental issues have affected her own well being as well as her relationship with her son, husband, family and friends. Further, Ms. Villegas will present expert testimony demonstrating that she suffers from chronic Post Traumatic Stress Disorder, Major Depressive Disorder and Phobia as a result of Metro's actions. To address these conditions will require future professional treatment and care for many years.

549191.5 08294-001

2
Case 3:09-cv-00219   Document 156   Filed 08/09/11   Page 2 of 7 PageID #: 3419
Case 3:09-cv-00219   Document 177   Filed 08/15/11   Page 2 of 5 PageID #: 3656

### III(B). Short Summary of Defendant's Theory.

Ms. Villegas and her expert witnesses have drastically overstated the damages, if any, that the Sheriff's Office caused her. Ms. Villegas and her experts would have the jury believe that her distress relates solely to the fact that – when she gave birth while incarcerated – she was restrained during a portion of her labor and post-partum recovery, and she was denied a breast pump when she went back to jail. But this claim is flatly contradicted by Ms. Villegas's own testimony and her admissions to her expert psychiatrist and psychologist. Indeed, as Ms. Villegas herself has admitted, she is plagued constantly with thoughts of being separated from her family. Ms. Villegas and her experts, however, wholly fail to consider that her potential deportation is the cause of her distress, instead attempting to lay it all at the feet of the Sheriff's Office.

Additionally, Ms. Villegas's self-serving assertions about pain and distress simply cannot be believed. Her substantial credibility issues drastically undercut her claims about purported harm. Even if she had experienced some level of pain following the birth of her child, her failure to mitigate her damages reduces any potential recovery.

In sum, while Ms. Villegas may suffer from emotional distress, it is not because of anything the Sheriff's Office did; it is because she fears deportation. That it is not the Sheriff's Office's fault, nor is it something the Sheriff's Office should be required to compensate Ms. Villegas for.

### IV. Statement of Issues

A. <u>Issues to be Submitted to the Jury</u>.

549191.5  08294-001

3

Case 3:09-cv-00219   Document 156   Filed 08/09/11   Page 3 of 7 PageID #: 3420
Case 3:09-cv-00219   Document 177   Filed 08/15/11   Page 3 of 5 PageID #: 3657

(1) Whether Ms. Villegas is entitled to compensatory damages and, if so, in what amount?[2]

B. Issues to be Submitted to the Court.

The Court has already determined that Metro is liable to Ms. Villegas for violating her constitutional rights in a Memorandum Opinion [DE #119]. As a result, there are no merits issues to be decided by the Court at this hearing. Pursuant to the Order Setting Hearing on Damages [DE #120], however, any request for equitable or injunctive relief will be filed post-trial. Additionally, after the trial, Ms. Villegas will seek her attorneys' fees and expenses pursuant to 42 U.S.C. § 1988.

V. **Succinct Statement of the Relief Sought.**

The Court has determined that Metro is liable to Ms. Villegas for violating her constitutional rights. At the damages trial, Ms. Villegas is seeking compensatory damages for Metro's violation of her constitutional rights. More specifically, Ms. Villegas seeks compensation for the following: (i) past physical pain and harm; (ii) past emotional and mental distress, pain and suffering; (iii) future physical pain and harm; (iv) future emotional and mental

---

[2] For specificity and recognizing Metro's objection to the jury instructions including such specificity, Ms. Villegas divides the issue in the following sub-parts:
(1) Whether Ms. Villegas experienced physical pain or harm related from Metro's shackling of Ms. Villegas during her final active stages of labor and post partum recovery and/or refusal to provide her with access to a breast pump, and if she did, the amount of compensation to which she is entitled.
(2) Whether Ms. Villegas suffered emotional and mental distress, pain, and/or suffering during and after the events at issue due to Metro's conduct, and if she did, the amount of compensation to which she is entitled.
(3) Whether it is reasonably certain that Ms. Villegas will experience physical pain or harm in the future related to the Metro's shackling of Ms. Villegas during her final active stages of labor and post partum recovery and refusal to provide her with access to a breast pump, and if it is, the amount of compensation to which she is entitled.
(4) Whether it is reasonably certain that Ms. Villegas will suffer emotional and mental distress, pain, and/or suffering in the future based on the events at issue due to the Metro's conduct, and if it is, the amount of compensation to which she is entitled.
(5) Whether Ms. Villegas will need future treatment and care (psychological, psychiatric, and/or medical), including but not limited to doctor's visits, therapy sessions, psychiatric care, inpatient care, tests, psychical therapy, evaluations and prescription drugs for any physical, emotional, or mental injuries she experienced or will experience due to the Metro's conduct, and if she will, the amount of compensation to which she is entitled.

549191.5 08294-001

distress, pain and suffering; and (v) future treatment and care (psychological, psychiatric and/or medical).[3]

### VI. Anticipated Evidentiary Disputes.

The parties each have submitted several motions in *limine* that address the anticipated evidentiary and procedural issues for the Court to consider before the trial.

### VII. Special Trial Procedures

Ms. Villegas has retained a federally certified Spanish interpreter, Myra Gann, to provide translations at the trial. Ms. Gann is certified pursuant to information provided by the clerk's office.

The Court has already approved [DE #136] the use of video conferencing for the testimony of one of Ms. Villegas' experts, Dr. Sandra Torrente. Ms. Villegas is making arrangements with the Court's information technology personnel to facilitate this testimony. To help prevent technical problems and in light of Dr. Torrente's patient schedule, Ms. Villegas requests that Dr. Torrente's testimony occur when Court convenes on Wednesday, August 17, 2011, at or around 9:00 am. Metro does not oppose this request.

### VIII. Estimate of Anticipated Length of the Trial.

The parties anticipate that the proof at trial will last two (2) days.

It is so **ORDERED**.

**ENTER** this __15th__ day of August, 2011.

William J. Haynes, Jr.
United States District Judge

---

[3] Both sides request the right to supplement the record with evidence that is relevant to whether Ms. Villegas is entitled to injunctive relief, but is not relevant in a trial on compensatory damages only. (*See* Metro's Resp. to Pl.'s Mot. *in Limine* No. 5, Doc. 146.)

549191.5  08294-001

5

Case 3:09-cv-00219   Document 156   Filed 08/09/11   Page 5 of 7 PageID #: 3422
Case 3:09-cv-00219   Document 177   Filed 08/15/11   Page 5 of 5 PageID #: 3659