IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JUANA VILLEGAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:09-0219 |
| ) | |
| THE METROPOLITAN GOVERNMENT ) | Judge Haynes |
| OF DAVIDSON COUNTY/NASHVILLE -- ) | |
| DAVIDSON COUNTY SHERIFF'S ) | JURY DEMAND |
| OFFICE, et al., ) | |
| ) | |
| Defendant. ) | |

**OBJECTIONS TO PLAINTIFF'S PROPOSED EXPERT TRIAL STATEMENTS**

Earlier today, the Metropolitan Government of Davidson County—Davidson County Sheriff's Office ("Metro" or "DCSO") filed a document entitled "Objections to Plaintiff's Proposed Expert Trial Statements." Because no such document is indicated by Local Rule 39.01(c), Plaintiff Juana Villegas presumed that the Court would prefer to address any objections, other than those in the motions in *limine*, at trial. Nonetheless, and for completeness, Ms. Villegas has responded to Metro's objections. And to the extent the Court finds it helpful for Ms. Villegas to articulate her objections to Metro's written proposed expert testimony, she provides the following objections to Defendant's proposed expert trial statements filed pursuant to Local Rule 39.01(c). [DE #171-1 (Spetalnick) and DE #171-2 (Barth). For each of Metro's proffered experts, Ms. Villegas outlines her objections and the respective reasons why the proffered testimony or portion thereof is inadmissible.

**I.   Dr. Robert Barth**

   **A.   Prior Objections**

Ms. Villegas has previously moved to exclude Dr. Barth's testimony in its entirety. She has also previously moved to exclude reference to her immigration status. Both have bearing on the proposed Trial Statement from Dr. Barth. Rather than repeat those objections now, they are incorporated by reference.

   **B.   Rule 26 Objections**

Fed. R. Civ. P. 26a(2)(B)(i) requires that the expert's report is the "complete statement of all opinions the witness will express and the basis and reasons for them" and that the report includes "the facts or data considered by the witness in forming them."   In addition, Fed. R. Civ. P. 37 states that, if one "fails to provide information ... as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence ... at trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1).  The purpose of a 26(a) expert report is "to set forth the substance of the direct examination" and "give the opposing party a reasonable opportunity to prepare for effective cross examination and perhaps arrange testimony from other witnesses."  Fed.R.Civ.P. 26(a)(2) Advisory Committee Note (1993).

In this case, Dr. Barth provided an initial report and supplement containing generalized statements about Ms. Villegas' previous diagnosis. Dr. Barth specifically stated in his expert report dated September 10, 2010, that is work was "limited to a file review" and that he was serving as an expert witness "in regard to health science and healthcare standards, rather than as a clinician." (Expert Report of Robert J. Barth, p. 10). However, Dr. Barth's more recently filed Trial Statement contains specific conclusions as to causation, analysis of reports not mentioned in the expert report, and statistical assessments and questionnaires.

These additions and embellishments to Dr. Barth's report are in violation of Rule 26(a) and related federal case law. In *Tompkin v. Phillip Morris USA, Inc.,* 362 F.3d 882, 895 (6th Cir. 2004), the Sixth Circuit held that the defendants failed to comply with Fed. R. Civ. P. 26(a) because the expert's testimony differed from his report. The court stated that in the initial report, the expert stated that he could not conclude whether smoking or asbestos was the medical cause of the plaintiff's cancer, but when he testified he stated that there was a statistical association between lung cancer and the plaintiff's asbestos exposure. *Id.* Also the report did not state that the expert would testify about an elevated risk of lung cancer, but only described the testimony in more general terms. *Id.* Thus, the Sixth Circuit concluded that the defendant did not comply with Rule 26(a)'s requirements. *Id.*

The Tenth Circuit, in addressing this issue as well as the implications of Fed. R. Civ. P. Rule 37(c), held in *Jacobsen v. Deseret Book Co.,* 287 F.3d 936, 951 (10th Cir. 2002), that a district court had abused its discretion in not striking testimony that was clearly contrary to Rule 26(a)'s requirements. The Court stated that if an expert plans on testifying to material not included in the initial report, then the party must supplement that expert report as to the changes or additions to what has been previously disclosed. *Id.* The plaintiffs in that case argued that the expert's report was far more general and less inclusive than his testimony at trial. *Id.* The Tenth Circuit agreed and concluded that the report did not comply with Rule 26(a) and there was no justification. *Id.; see also Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.,* 170 F.3d 985, 993 (10th Cir. 1999); *Kiowa Indian Tribe v. Hoover,* 150 F.3d 1163, 1165 (10th Cir. 1998). Since the testimony included additional and more specific information not included in the initial report, the court held that this was prejudicial to the plaintiff.

Dr. Barth's initial expert report and even his supplement did not contain several specific statements as to attempted diagnosis or causation which are now contained in his Trial Statement. Thus, the following statements or testimony related to such statements should be inadmissible at trial:

- Conclusions as to the changing of mental illness diagnosis. Although Dr. Barth's report mentioned claimed differences in some of Ms. Villegas' diagnoses, his statements in the Trial Statement concerning <u>explanations</u> for these changes are not contained in his reports. Further, they are conclusory and inadmissible under any standard. Dr. Barth writes, "There is usually only one explanation for why mental illness diagnoses change like this. You see, diagnosis of mental illness is completely dependent on what the patient says to the doctor, rather than being based on something that a doctor can do. As a result, the fact that Ms. Villegas' diagnoses kept changing indicates that Ms. Villegas was presenting something different each time that her mental health was evaluated." (DE 171-2 @ 5).[1] These new conclusions and explanations are inadmissible under Rule 26(a).

- Conclusions on causation. Although Dr. Barth's disclosure reports discuss some of the methodology used in Ms. Villegas' psychological evaluations, it stops short of any conclusions on causation. After all, Dr. Barth proclaimed he was not a clinical expert in this case. The new conclusions in his Trial Statement, therefore, should be ruled inadmissible because they were noticeably absent from his initial report and supplement. The Trial Statement reads, "Again none of these reported

---

[1] When counsel for both parties previously met, the parties discussed numbering each paragraph of the experts' reports to assist in reacting to this Court's ruling on the pending motions in *limine*. Because Metro evidently decided not to do so, Ms. Villegas will simply cite to the page of the report and quote language from the report.

550964.2  08294-001

causes of her anxiety can be attributed to the Sheriff's Office," and "it makes no sense to claim that the Sheriff's Office caused Ms. Villegas to become mentally ill." (DE 171-2 @ 11). This should be precluded from evidence.

- Any references to the Davidson Trauma Scale should be excluded due to the fact that the scale (even though disclosed in Dr. Boero's report of which Dr. Barth had a copy prior to his supplemental report) was not mentioned anywhere in Dr. Barth's expert disclosures. (DE 171-2 @ p. 3, 4, 7, 8, 14). For instance, the Trial Statement states, "Third, the Davidson Trauma Scale actually produces a score. The documentation from Ms. Villegas's experts does not tell us the score, so I added it up myself. Ms. Villegas's documented responses produced a score that would be an average result for people in the research who did not have PTSD. In contrast, it would have been a very unusual result for people in the research who did have PTSD. (DE 171-2 @ 4). The mention of a numerical scale appears nowhere in his reports and he further relies on documents that are subject to a motion in *limine*. The same is true for Dr. Barth's references and analysis regarding an "anxiety questionnaire" and "depression questionnaire." These statements should be excluded.

- Conclusions based on lack of concentration. Dr. Barth claims that Ms. Villegas does not experience concentration difficulties, suggesting therefore that she does not have PTSD. (DE 171-2@ 7). The symptom of "trouble concentrating" is missing from Dr. Barth's disclosure reports and should be excluded.

### C. Objections based on misleading statements and prejudicial effect

Federal Rule of Evidence Rule 403 states that evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Dr. Barth's statements related as to his own publications and presentations should be excluded due to their misleading effect on the jury. The probative value of these statements is slight, and is outweighed by the substantially prejudicial effects these statements would have on the jury. The following statements should be deemed inadmissible:

- "The Association's editors chose me to be the person who would create that demonstration." (DE 171-2 @ 1). This statement's lofty implications are not only irrelevant, but also misleading to the jury, who may believe Dr. Barth is the one and only expert involved in this demonstration. The prejudicial effect of this statement far outweighs any slight probative value it may have.

- "The Association has asked me to help write those books, and to review what other people wrote for those books." (DE 171-2 @ 1). Again, this editorializing is inappropriate due to its misleading nature.

- "The Association's editors chose me to be their final reviewer for that description. And when that description was more recently reviewed to determine if any changes needed to be made, the Association's editors asked me to be the person who would write up a comprehensive report of what needed to be changed. Fourth, the American Medical Association's editors have asked me to write several articles that are focused on helping doctors make sense out of lawsuits and legal claims that involve mental

illness." (DE 171-2 @1). Again, these statements are misleading considering Dr. Barth is unlikely the sole psychologist in the country working on the above referenced matters (and if he is, that is certainly not disclosed in his report).

- "I have been asked to teach judges how to make sense out of medical claims, specifically claims that involve chronic pain and claims that involve mental illness, specifically, through the National Association of Workers' Compensation Judiciary." (DE 171-2 @2). First, in violation of Rule 26(a), this item of Dr. Barth's resume is not discussed in any detail in his initial report, supplement, or Curriculum Vitae. Further, the statements implying his expert instruction of judges misleads the jury into believing that he has expertise on judicial matters or the law, and is therefore, highly prejudicial.

- "So this is pretty well established as the way that doctors can do a good job in thinking about whether something caused a health problem." (DE 171-2 @9). Dr. Barth's editorial comments on the worthiness of his own publication is unnecessary and inappropriate. Further, it may mislead the jury into viewing this publication as some type of leading treatise or publication. Thus, this statement is inadmissible due to its prejudicial affect in accordance with Fed. R. Evid. 403.

### D. Other objections

In addition, and although Ms. Villegas opposes Metro's objections to Dr. DeBona testifying about out-of-court statements, to the extent the Court sustains Metro's objections, then it should similarly strike Dr. Barth's recitation and discussion of out-of-court statements. Likewise, Ms. Villegas incorporates by reference its response to Metro's objections to Nurse

Cardona's statement about finding Ms. Villegas' believable and credible during her psychological assessment.

**II.     Dr. Spetalnick**

With respect to the written proposed testimony of Dr. Spetalnick, Ms. Villegas renews her motion in *limine* to exclude Dr. Spetalnick. To the extent the Court does not exclude him entirely, Ms. Villegas objects to the following topics of his testimony.

<u>First</u>, Dr. Spetalnick evidently seeks to testify about the risks to Ms. Villegas and whether she suffered DVT or PE. This should be excluded on the very basis argued by Metro with respect to Dr. Torrente discussing DVT or PE, if the Court agrees with Metro.

<u>Second</u>, Dr. Spetalnick's statements in the last full paragraph of page 3 are not found in his expert disclosure and, therefore, are improper to be allowed as part of his testimony. These statements should be stricken along with the corresponding reference in Dr. Spetalnick's conclusion paragraph on page 4.

<u>Finally</u>, although Ms. Villegas opposes Metro's objections to Dr. DeBona testifying about out-of-court statement, to the extent the Court sustains Metro's objections, then it should essentially strike all of Dr. Spetalnick's testimony, which is almost entirely based on out-of-court statements in the form of medical records and other expert reports.

Respectfully Submitted,

*/s/ John L. Farringer IV*
William L. Harbison (No. 7012)
Phillip F. Cramer (No. 20697)
John L. Farringer IV (No. 22783)
SHERRARD & ROE, PLC
424 Church Street, Suite 2000
Nashville, TN  37219
(615) 742-4200
bharbison@sherrardroe.com
pcramer@sherrardroe.com
jfarringer@sherrardroe.com

Elliott Ozment (No. 4331)
IMMIGRATION LAW OFFICES OF
ELLIOT OZMENT
1214 Murfreesboro Pike
Nashville, TN 37217
(615) 321-8888
elliott@ozmentlaw.com

*Attorneys for Juana Villegas*

## CERTIFICATE OF SERVICE

Service of the foregoing was accomplished through the Court's Electronic Filing System on this 15th day of August, 2011, upon the following:

Kevin Klein
Allison Bussell
Metropolitan Department of Law
108 Metropolitan Courthouse
P.O. Box 196300
Nashville, TN 37219
Kevin.Klein@nashville.gov
Allison.Bussell@nashville.gov

*/s/ John L. Farringer IV*